IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>RANDY LEE EVANS, JR., )<br>)<br>Defendant. ) | 1:19-CR-391-1 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence re Compassionate Release. (ECF No. 30.) The Government filed its Response opposing Defendant's motion to reduce sentence. (ECF No. 35.) Thereafter, Defendant filed a supplement to his motion. (ECF No. 36.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction. Accordingly, Defendant's Motion for Compassionate Release, (ECF No. 30), will be denied.

**I. BACKGROUND**

On October 17, 2019, Defendant pleaded guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of felon in possession of firearms in violation of 18 U.S.C. §

922(g)(1) and (924(a)(2). (ECF No. 28 at 1; Minute Entry of 10/17/2019.) Defendant was determined to be a career offender, (ECF No. 19, ¶ 24) and sentenced to 104 months' imprisonment.[1] (ECF No. 28 at 2.) Defendant is 36 years old and has a current projected release date of June 18, 2026.[2]

## II. ARGUMENTS OF THE PARTIES

In his motion for compassionate release, Defendant argues he should be granted a reduction in sentence because he would no longer qualify as a career offender, and if sentenced today he would face a substantially shorter guideline range. (ECF No. 30 at 2-4.) In a supplement to his motion, he raises an additional argument that he should be granted a reduction based on his family circumstances, specifically the need to help care for one of his sons. Defendant states that his mother, who was the primary caregiver for his son, has passed away and his son now resides with his great grandparents who are over 80 years of age. (ECF No. 36 at 1.) He also includes information about a proposed release plan and indicates he and his son would live with his sister while he "reaches financial stability" and that he plans to seek employment as a carpenter for E & A Realty. (*Id.*)

The Government opposes Defendant's motion. The Government contends that Defendant is mistaken "about the state of the law regarding his prior convictions" and

---

[1] Defendant received 60 months' imprisonment for the possession with intent to distribute marijuana, 104 months' imprisonment for the possession with intent to distribute cocaine, and 104 months' imprisonment for the conviction of being a felon in possession of firearms, all sentences to run concurrently. (ECF No. 28 at 2.)

[2] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited on Jul. 1, 2025).

2

"remains a career offender if sentenced today." (ECF No. 35 at 2.) The Government also asserts that § 3553(a) factors weigh against a compassionate release. (*Id.*)

### III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) an extraordinary and compelling reason exists to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant indicates he filed a request for compassionate release with the warden of his facility in September of 2022, and the Government concedes Defendant has exhausted his administrative remedies. Therefore, the Court will proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 130-31 (4th Cir. 2021.)

### A. Extraordinary and Compelling Reasons

Defendant argues he should be granted a reduction in sentence because there have been changes in the law and if sentenced under the laws applicable today, he would no longer qualify as a career offender. He asserts that without the career offender enhancement his

3

Case 1:19-cr-00391-LCB    Document 43    Filed 07/30/25    Page 3 of 8

sentencing guideline range would fall to 63-78 months if imprisonment, significantly lower than his current sentence. The Sentencing Commission policy guidelines specify a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6).

Defendant is unable to establish an extraordinary and compelling reason for a reduction based on an intervening change in the law. Defendant was determined to be a career offender under U.S.S.G. § 4B1.1(a) based on his prior North Carolina state convictions for felony possession with intent to sell and deliver cocaine (13CRS1823), felony possession with intent to manufacture/sell/deliver a schedule II-controlled substance (14CRS52667) and felony possession with intent to sell/deliver schedule II-controlled substance (15CRS50971). (ECF No. 19, ¶ 24.) The Fourth Circuit has ruled that convictions for felony possession with intent to sell under N.C. Gen. Stat. § 90-95(a) properly qualify as predicate offenses under § 4B1.1. *See United States v. Miller*, 75 F.4th 215, 230-31 (4th Cir. 2023). Consequently, Defendant is mistaken that he would no longer qualify for the career offender enhancement if sentenced today.

Moreover, Defendant's sentence began to run on October 14, 2020, and according to Bureau of Prison ("BOP") calculations he has served less than 7 years of his sentence at this time. (ECF No. 35-1 at 3.) Consequently, even if Defendant could show a change in his status as a career offender, he is not entitled to a reduction on this basis when he has served less than ten years in prison. *See United States v. Crawley*, 140 F. 4th 165, 172-73 (4th Cir.

4

2025) (affirming the district court's denial of a request for compassionate release on the basis the defendant had not "served at least 10 years" of his prison term).

Defendant also contends a reduction in sentence is warranted because he is needed as a caregiver for his son Randy Lee Evans, III. He says that Defendant's mother, who was caring for Randy, passed away.[3] (ECF No. 36 at 1.) He indicates that Randy's mother is unavailable as a caregiver because she has suffered strokes and is in a nursing home. (*Id.*) He indicates his son is currently being cared for by his great-grandparents who are in their eighties. (*Id.*) With respect to family circumstances, the guidelines recognize an extraordinary and compelling circumstance may exist when a defendant shows "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care." U.S.S.G. § 1B1.13(b)(3)(A).

Defendant has not presented any information to verify any of the statements regarding his need to be a caregiver. Moreover, some of the circumstances which Defendant relies upon to show a change in conditions requiring him as a caregiver seem to have existed at the time of sentencing. The presentence investigation report indicates that at the time of sentencing Randy's mother had suffered a stroke and was hospitalized, and Randy was being cared for by his great-grandfather, Kenny Woods, not Defendant's mother. (ECF No. 19, ¶ 58.)

Even assuming the veracity of Defendant's statements, he cannot show an extraordinary and compelling reason for a reduction of sentence on this basis. While the Fourth Circuit has not adopted a specific definition of incapacitation, it has acknowledged

---

[3] Based on information in the presentence report Randy III would be at least 13 years old at this time. (ECF No. 19, ¶ 58.)

5

Case 1:19-cr-00391-LCB    Document 43    Filed 07/30/25    Page 5 of 8

various definitions which all involve the inability to care for the child due to severe illness or injury, or an inability to meet essential requirements for responding to basic health, safety and care needs. *See*, *e.g.*, *United States v. Roasario-Cruzado*, No. 24-6365, 2025 WL 1540932, *2-3 (4th Cir. May 30, 2025). Defendant indicates his son is currently being cared for by his great-grandparents, but he does not suggest they are sick or otherwise unable to continue to care for Randy. (ECF No. 36 at 1.) He simply notes that they are over eighty years old. (*Id.*) Thus, based on this information, Defendant has failed to demonstrate incapacitation of the current caregivers and fails to show an extraordinary and compelling reason for a reduction based on family circumstances.

**B.     18 U.S.C. § 3553(a) Factors**

Defendant has failed to show an extraordinary and compelling reason warranting a sentence reduction, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs a number of factors to include: the nature of the offense; the defendant's personal history; the sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See id.* A court may consider post-

6

sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

Defendant contends that while incarcerated he has taken steps to reduce his risk of recidivism by enrolling in BOP courses and staying on medicine to address his mental health issues. (ECF No. 30 at 5.) The Court commends these efforts as well as his desire to help care for his son. However, a consideration of the § 3553(a) factors overall weigh against a reduction in sentence. As an initial matter, while Defendant has made some positive efforts while incarcerated, he has also engaged in some less-than-ideal behavior receiving disciplinary infractions for possession of intoxicants and possession of a cellphone. (ECF No. 35-2 at 1.)

Moreover, the seriousness of the crimes and Defendant's criminal history weigh against a reduced sentence. Defendant was stopped by police after a traffic violation. He admitted to consuming vodka and marijuana earlier in the evening and said there might be weapons in the vehicle. (ECF No. 19 ¶ 4.) After a search of the vehicle and Defendant's person the police found over $900, 121.9 grams of marijuana, and six firearms. (*Id.*, ¶ 4-5.) The police later learned from a jailhouse phone call that Defendant had thrown items from the car before he was stopped. (*Id.*, ¶ 6.) They returned to the area where Defendant was stopped and found a bag with three more firearms, a digital scale, two large capacity ammunition magazines, and a gram of cocaine base. One of the firearms was loaded. (*Id.*) After the police executed a search warrant on a lockbox from the vehicle, they found additional drugs including over 8 grams of cocaine hydrochloride, cocaine base, a gram of heroin, and three fentanyl patches. (*Id.*, ¶ 7.)

Defendant's criminal history includes 13 prior convictions, and despite serving time in jail on prior offenses, he has continued to reoffend. Many of his crimes occurred while on

7

probation for earlier convictions. (*Id.*, ¶¶ 31-39.) Defendant was 30 years old at the time of the instant offenses, and they occurred only a little over a year after he was released from supervision on a state conviction for felony possession with intent to sell and deliver a controlled substance. (*Id.*, ¶ 42.) Consequently, the record demonstrates that prior periods of incarcerations have done little to deter Defendant's criminal behavior, and the Court concludes a reduced sentence would not serve the goals of public safety or deterrence.

Accordingly, the § 3553(a) factors weigh against granting a reduction in sentence. Defendant's current sentence is "sufficient, but not greater than necessary" and the Court finds a reduced sentence would not promote respect for the law, support the goal of rehabilitation, afford adequate deterrence, or protect the public. *See* 18 U.S.C. § 3553(a)(2).

For the reasons stated above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 30), is **DENIED**.

This, the 30th day of July 2025.

/s/ Loretta C. Biggs
Senior United States District Judge